No. 13,972.

POSIG *v.* ZELISH.
(67 P. [2d] 70)

Decided March 29, 1937.   Rehearing denied April 19, 1937.

Mr. ADDISON M. GOODING, for plaintiff in error.

Mr. C. R. MONSON, for defendant in error.

*In Department.*

254

Mr. Justice Holland delivered the opinion of the court.

February 11, 1936, Zelish sued Posig for $980, claimed to be due him from the latter for services rendered from April 1, 1935, to January 10, 1936, under a verbal contract of employment by the terms of which he was to be paid a salary of $75 per month. He claimed that he was to commence at eight o'clock in the morning and work for only eight hours a day; and alleges that at the special instance and request of defendant he worked four hours each day overtime, for which he asked $1.00 per day as a reasonable wage. Plaintiff was employed, as Posig says, as a "flunky" around a pool hall and beer parlor, for which he was to receive board and the laundering of his clothing. A jury returned a verdict for Zelish for $674.95. By his assignments of error based particularly on the giving of the court's instruction No. 1 and on its refusal to give defendant's tendered instruction No. 1, and on the denial of his application for a continuance, Posig seeks to have the judgment entered on the verdict reviewed.

On the issue as to whether or not there was a contract between the parties for wages, as plaintiff alleged, or whether plaintiff was to work for room, board and laundering of his clothing as claimed by defendant, the evidence was in sharp conflict. Resting principally upon the testimony of plaintiff and defendant, and upon fair instructions, the issue was resolved in plaintiff's favor. If there was no other question involved, the finding of the jury on the case thus presented, would not be disturbed; however, we are of the opinion that the court erred in denying defendant's application for continuance, because it cannot be said that he was not prejudiced thereby. The application was timely and in compliance with the code governing such applications.

From the evidence it appears that Posig's place of business, where Zelish worked, was at Oak Creek, Routt county, about 18 miles from Steamboat Springs, the county seat and place of trial. During the time of the

employment, and in July, 1935, Zelish was operated upon for appendicitis by one Dr. Courtney at the latter's hospital in Oak Creek. He was confined in the hospital for a time and unable to work for six or seven weeks. Trial date was set for April 9, 1936, and defendant subpoenaed Dr. Courtney on April 8th. Trial proceeded on the date fixed, the testimony being brief. Defendant's counsel had called four witnesses before the noon recess, and before the recess adjournment, he stated to the court that although subpoenaed, Dr. Courtney was not present in court; that he was sick, confined to his bed and could not attend; that defendant requested an adjournment for about two hours in order that both counsel with the court reporter could go to Oak Creek and procure Courtney's deposition; that defendant was not informed of Courtney's illness until about the time court convened. Counsel for plaintiff objected to the adjournment, and the court indicated that by reason of the road conditions—they being practically impassable—and under the circumstances, the application would be denied; but a fifteen minutes' recess was taken to afford defendant's counsel time in which to prepare an affidavit for continuance.

Counsel for defendant then made a written affidavit to the following effect: That Doctor Courtney was an indispensable witness for defendant; that he was subpoenaed on April 8th and affiant had no notice he would not appear until the morning of April 9th, when he was informed that the witness was ill with lumbago; that court then immediately convened and affiant had no opportunity to do anything further until adjournment at noon, when he called Courtney by telephone, who advised him that he was ill in bed with lumbago and that it would be impossible for him to attend court; that Courtney, if present, would testify that during July, 1935, plaintiff was confined in his hospital for a considerable period for an operation performed by him; that during that time Courtney interviewed plaintiff concerning hospital fees and charges, and plaintiff stated to him that he was with-

out funds and had no means or income and was employed by Posig, receiving as pay only room and board, but that Posig would pay plaintiff wages when times were better.

Plaintiff's attorney filed a counter affidavit to the effect that during the recess of court taken to give counsel for defendant time to prepare the affidavit for continuance, he called Courtney by telephone; that Courtney stated he had thought the matter over and to the best of his then recollection, Zelish had stated that he had no money at the time but would pay later; that Courtney further stated he could not remember any statement by Zelish that he was working for his room and board.

The only objections to the affidavit in supoprt of the motion for continuance made by counsel for plaintiff at the time, was that defense had had plenty of time in which to prepare it; that the witness had been subpoenaed and should be present; and that "we have no certificate of representation that he is not able to be here." In this court, however, plaintiff's counsel contends that the application for continuance was insufficient because: (1) Defendant should have obtained an attachment or bench warrant; (2) the affidavit was made by defendant's attorney; (3) the affidavit did not state there were no other witnesses to give the testimony; and (4) it did not state the grounds on which affiant based his exceptions, and (5) that the testimony was cumulative. We can not consider these belated objections, because had they been made at the time the application for continuance was presented, the trial court, if it considered the objections good, could have afforded defendant an opportunity to amend. We should not heed objections or arguments made here for the first time, which were not presented to the trial court, and upon which it had no opportunity to pass. Whether or not an application for continuance on the ground of an absent witness is sufficient, must be determined under the code provisions therefor, and it there is made to rest entirely upon a showing of materiality, and due diligence having been used to procure the materi-

al evidence. Code §195. To ascertain the materiality, the court may require that the affidavit set out the evidence expected to be given, which advises the court, and also affords the adverse party an opportunity, if it so elects, to admit that such evidence would be given and that it may be considered as actually given, thereby obviating a postponement of the trial. The affidavit in support of the application for continuance here under consideration fully complies with the code provisions and from its averments, it clearly appears that due diligence had been used to obtain the presence of the witness in court, and that his testimony was material. It is true that one other witness for defendant had testified that Zelish had said in her presence that he was working for room and board, and, therefore, it might be said that the testimony proposed to be elicited from the absent witness would be cumulative. It is to be borne in mind, however, that the witness so testifying was the wife of a partner or person interested in business with the defendant, and therefore could be said to be an interested witness. It nowhere appears that the absent witness was an interested person, therefore his testimony would not be cumulative because he would be the only disinterested witness giving testimony to the same general effect. That the suggested testimony, if given by Courtney, would be material, cannot seriously be questioned. The defendant should not have been deprived of the benefit of presenting the positive or convincing testimony of the absent witness, when same could have been available without serious delay. The cost attendant upon a continuance, if any, could have been directed to be paid by the applicant. While the matter of granting or denying an application for a continuance on account of an absent witness is very largely in the discretion of the trial court, it should be regarded as error or abuse of such discretion to deny such an application if it fully complies with legal requirements, and on its face, shows the materiality of the absent evidence and no lack of diligence in its attempted pro·

curement. This is particularly true when it appears that the same evidence has not been adduced from any other disinterested witness. Under the circumstances, we cannot say that had the absent witness been present and testified before the jury or had his deposition been taken and submitted to them, that their verdict might not have been different.

The trial court erroneously denied defendant's application for continuance and for that reason the judgment is reversed and the cause remanded for another trial if desired.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.